DOROTHY MALLOW, Respondent, v WILLIAM G. MALLOW, Defendant, and PATRICIA MALLOW, Appellant.—

When the court rendered a determination in favor of Dorothy Mallow, and before it entered judgment, William Mallow conveyed his business property to his second wife, Patricia Mallow. The conveyance to Patricia Mallow was made for past consideration, consisting of money advanced to William Mallow to help operate the business. The Referee found, however, that at the time the money was advanced, both William Mallow and Patricia Mallow knew that William Mallow was obligated to pay the real property taxes on Dorothy Mallow's residence, and that they also knew, at the time of the transfer, that a judgment was about to be entered against William

Mallow in favor of Dorothy Mallow for the amount of the unpaid taxes. On the record before us, we cannot say that those findings were not supported by the evidence.

We also note from the record that, after the transfer, Dorothy Mallow was unable to collect her judgment because William Mallow was left with no assets subject to the levy. He continued to operate his business on the transferred property, however, pursuant to a lease from Patricia Mallow.

Under those circumstances, it was within the province of the Referee to determine, as a question of fact, that the transfer by William Mallow to Patricia Mallow was made "with actual intent * * * to hinder, delay, or defraud" the creditor, Dorothy Mallow (Debtor and Creditor Law § 276), and that Patricia Mallow shared that intent.

The order setting aside the conveyance must be modified, however, to provide that the conveyance is set aside only to the extent necessary to satisfy the judgment of Dorothy Mallow and that the property or proceeds thereof, not required for the satisfaction of the judgment, shall be returned to Patricia Mallow (see, 30 NY Jur 2d, Creditors' Rights and Remedies, § 354). (Appeal from order of Supreme Court, Niagara County, Doyle, J.—levy real property.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.